IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN HERRIN and<br>KERRY HERRIN, | )<br>)<br>) | |
| vs. | )<br>) | Case No. __4:15-cv-1681_____ |
| AMERICAN RED CROSS<br>MISSOURI-ILLINOIS BLOOD<br>SERVICES REGION, | )<br>)<br>)<br>) | State Case No.: 15SL-CC02855 |
| and | )<br>) | |
| AMERICAN RED CROSS<br>EASTERN MISSOURI, | )<br>)<br>) | |
| and | )<br>) | |
| AMERICAN RED CROSS, | )<br>) | |
| and | )<br>) | |
| JANE DOE | ) | |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants denominated as American Red Cross Missouri-Illinois Blood Services Region, American Red Cross Eastern Missouri, and American Red Cross[1] (collectively "Red Cross"), through counsel, hereby remove the above-captioned case from the 21st Judicial Circuit Court, St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this notice, Red Cross states and shows the Court as follows:

---

[1] The American Red Cross is one corporation, with offices nationwide. The three named defendants are not separate legal entities; they are all parts of the American Red Cross.

1

BACKGROUND

1.      On August 24, 2015, Plaintiffs Kevin Herrin and Kerry Herrin filed suit in the 21st Judicial Circuit Court, St. Louis County, Missouri, against Red Cross and a "Jane Doe." The resulting case was styled *Kevin Herrin and Kerry Herrin v. American Red Cross Missouri-Illinois Blood Services Region, American Red Cross Eastern Missouri, American Red Cross, and Jane Doe*, No. 15SL-CC02855 ("State Court Action").

2.      Plaintiffs' Petition, at paragraph 3, states that service of Plaintiffs' Petition must be made on Cindy Erickson, whom Plaintiffs contend is the "Registered Agent" for Red Cross. Plaintiffs further allege Red Cross "may be served with process through said Registered Agent." A true and accurate copy of Plaintiffs' original Petition is attached hereto as Exhibit A. Ms. Erickson is not a registered agent for service of process but serves as the person in charge of the Red Cross office at 101965 Corporate Square, St. Louis.

3.      On August 25, 2015, at Plaintiffs' request, the 21st Judicial Circuit Court, St. Louis County, Missouri, issued summonses to American Red Cross, American Red Cross Eastern Missouri, and American Red Cross Missouri-Illinois Blood Services Region, and expressly directed that service be made on Cindy Erickson, 101965 Corporate Square, St. Louis, Missouri 63132. True and accurate copies of the aforementioned summonses are attached hereto as Exhibit B.

4.      On September 11, 2015, an attempt to serve Red Cross was made. However, the process server did not serve Cindy Erickson (as directed by the summons), but instead served "Mary."[2] True and accurate copies of the receipts of Plaintiffs' attempted service are attached hereto as Exhibit C.

---

[2] No last name is given for "Mary."

2

5. Red Cross has not yet been properly served with a summons or Plaintiffs' Petition.

6. Plaintiffs allege that while attempting to make a blood donation during a blood drive held at his place of employment, Elsevier, located in Maryland Heights, St. Louis County, Missouri, on or about August 22, 2013, Plaintiff Kevin Herrin was injured during insertion of a needle into his left arm.  Plaintiffs, in relevant part, alleged Red Cross failed to properly train, observe, supervise, and instruct Defendant "Jane Doe" as she attempted to draw Plaintiff Kevin Herrin's blood, Red Cross failed to inform Plaintiff Kevin Herrin of risks and complications of giving blood, and Red Cross failed to properly staff the donation site.  Plaintiffs have also asserted claims of negligence against Defendant "Jane Doe" for her alleged negligence in drawing Plaintiff Kevin Herrin's blood.  Plaintiff Kerry Herrin asserts a derivative loss of consortium claim.

7. Plaintiffs assert general "Negligence/Medical Malpractice" claims against all defendants.

8. In accordance with 28 U.S.C. § 1446(a), the following exhibits to this Notice of Removal are attached:

    a. Exhibit A    Copy of Plaintiffs' Original Petition

    b. Exhibit B    Copies of Summonses

    c. Exhibit C    Copies of Receipts of Attempted Service

    d. Exhibit D    Copy of the Docket Sheet from the State Court Action.

GROUNDS FOR REMOVAL

9. This Court has original jurisdiction over this action pursuant to 36 U.S.C. § 300105 and 28 U.S.C. §§ 1331 and 1441(a).

10. 28 U.S.C. § 1441(a) vests the Court with original subject matter jurisdiction over any civil action "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ."

11. Red Cross "is a Federally chartered instrumentality of the United States and a body corporate and politic in the District of Columbia." 36 U.S.C. § 300101 (2015).

12. 36 U.S.C. § 300105 states Red Cross has "the power to sue and be sued in court of law and equity, State or Federal, within the jurisdiction of the United States." As interpreted by the United States Supreme Court, the "sue and be sued" provision of the Red Cross charter (*i.e.*, 36 U.S.C. § 300105) confers "original jurisdiction on federal courts over all cases to which the Red Cross is a part, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992).

13. Removal is timely because Red Cross has yet to be properly served under Missouri Supreme Court Rule 54.13, which dictates how personal service may be had in the State of Missouri. Under Rule 54.13:

Personal service within the state shall be made as follows: . . .

(3) *On Corporation, Partnership or Other Unincorporated Association.* Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when it may be sued as such, *by delivering a copy of the summons and petition to an officer, partner, or managing or general agent*, or by leaving copies at any business office of the defendant *with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process.*

(4) *On Public or Quasi-Public Corporation or Body.* Upon a public, municipal, governmental or quasi-public corporation or body, by delivering a copy of the summons and petition to the clerk of the county commission in the case of a county, to the mayor or city clerk or city attorney in the case of a city, *to the chief executive officer in the case of any public, municipal, governmental or quasi-public corporation or body or to any person otherwise lawfully so designated. If*

> *no person above specified is available for service, the court out of which the process issued may designate an appropriate person to whom copies of the summons and petition may be delivered in order to effect service.*

(Emphasis added).

14. Plaintiffs failed to effect service properly upon Red Cross as required by Missouri law because Plaintiffs did not serve an appropriately designated agent or representative for service under either Mo. R. Civ. P. 54.13(3) or (4). Instead of meeting their service obligations under the rule (and in lieu of complying with the express service directions within the summons), Plaintiffs left a copy of the summons and petition with an individual identified only as "Mary" (with no identification of Mary's last name). "Mary" is not an officer, partner, or managing or general agent, nor is she the person having charge of Red Cross' facility in St. Louis. Likewise, "Mary" is not the chief executive officer or other person lawfully designated to accept service on behalf of Red Cross. Plaintiffs' September 11, 2015 attempt to serve Red Cross was therefore ineffective.

## REMOVAL IS PROPER

15. This Court has original jurisdiction over this case under 36 U.S.C. § 300105 and 28 U.S.C. §§ 1331 and 1441(a).

16. Under 28 U.S.C. § 1441(c), this case is properly removed to this Court, the United States District Court for the Eastern District of Missouri, Eastern Division, as the district and division embracing the place where the State Court Action is currently pending.

17. Plaintiffs will promptly receive written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d). A copy of this Notice of Removal will also be promptly filed with the clerk of the 21st Judicial Circuit Court, St. Louis County, Missouri, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

18.     Red Cross, under 28 U.S.C. §§ 1441 and 1446, removes to this Court the State Court Action from the 21st Judicial Circuit Court, St. Louis County, Missouri.  Red Cross requests that the Court assume jurisdiction of this case as if it had been originally filed here, and that further proceedings in the State Court Action be stayed.  Red Cross further requests all other relief to which it may be justly entitled.

DATED: November 9, 2015.

                    Respectfully submitted,

                    */s/ Jennifer J. Artman*
                    Jennifer J. Artman, MO Bar #63692
                    Patrick N. Fanning, MO Bar #47615[3]
                    J. Aaron Craig, MO Bar #62041[4]
                    Shook Hardy & Bacon International LLP
                    2555 Grand Boulevard
                    Kansas City, Missouri  64108-2613
                    Telephone 816-474-6550
                    Facsimile 816-421-5547
                    jartman@shb.com
                    pfanning@shb.com
                    jcraig@shb.com

                    ATTORNEYS FOR DEFENDANTS

---

[3] Pending pro hac admission.
[4] Pending pro hac admission.

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that the foregoing was served this 9th of November 2015 on Plaintiffs' counsel by electronic service through the Court's ECF system and by regular U.S. mail.

Douglas B. Salsbury
Nicolette K. Miller
925 West Fifth Street
Eureka, Missouri  63025

　　　　　　　　　　　　　　　　　　　　/s/ Jennifer J. Artman
　　　　　　　　　　　　　　　　　　　Attorney for Defendant American Red Cross